UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 98-1614 (RWR) |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant has moved to enforce a settlement agreement that he claims the parties entered. The plaintiff opposes the motion, disputing that any binding agreement exists and arguing that his attorney did not have authority to accept the proposed settlement.

In *Makins v. District of Columbia*, 861 A.2d 590 (D.C. 2004), a client authorized an attorney to attend a settlement conference before a magistrate judge and negotiate a settlement on the client's behalf, but did not give the attorney actual authority to settle the case. *Id.* at 592. The District of Columbia Court of Appeals held that a party's lawyer has to have actual authority from that party to enter into an enforceable settlement agreement that binds the party, and that apparent authority would not suffice to bind the party. *Id.* at 593.

The existence of an enforceable settlement agreement is in dispute here. Generally, state contract law governs the enforcement of settlement agreements in federal court. *Makins v. District of Columbia*, 277 F.3d 544, 547-48 (D.C. Cir. 2002); *Samra v. Shaheen Business and*

*Investment Group, Inc.,* 355 F.Supp.2d 483, 494 (D.D.C. 2005).[1]  District of Columbia law requires a party seeking to enforce a settlement agreement to prove the elements of contract formation.  *Novecon Ltd. v. Bulgarian Am. Enter. Fund*, 190 F.3d 556, 564 (D.C.Cir. 1999), *cert. denied*, 529 U.S. 1037 (2000); *Greene v. Rumsfeld*, 266 F.Supp.2d 125, 135-36 (D.D.C. 2003).  The moving party must show an agreement to all material terms and an intention of the parties to be bound by the agreement.  *United States v. Mahoney*, 247 F.3d 279, 285 (D.C.Cir. 2001); *Greene*, 266 F.Supp.2d at 136.  As the party seeking to enforce the settlement, defendant bears the burden of demonstrating that plaintiff's counsel had the necessary authority to bind plaintiff to the settlement.  *Hill v. Georgetown Univ.*, -- F.Supp. 2d -- , 2005 WL 1378761 at *5 (D.D.C. 2005).  Defendant must prove that the plaintiff manifested by representation or conduct that his attorney had actual authority to agree to a negotiated settlement.  *Makins*, 861 A.2d at 593.

Plaintiff claims in a footnote that his communications with his attorney regarding the attorney's settlement authority remain privileged.  Pl's Supp. Report Concerning Case Status, p. 2 n. 2. "[A]ny voluntary disclosure by the client to a third party breaches the confidentiality of the attorney client relationship" not only regarding the specific communication disclosed, but to all other communications related to the same subject matter.  *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982).  A party is not allowed to "partially disclose[ ] the allegedly privileged information in support of its claim against another, but then assert[] the privilege as a basis for withholding from its opponent the remainder of the information which is necessary to defend

---

[1] The only exceptions to this principle are when a party seeks to enforce a settlement agreement against the United States, or where the case involves "a statute conferring lawmaking on federal courts[.]" *Makins*, 277 F.3d at 548.  Neither situation is present here.

against the claim." *Ideal Elec. Sec. Co., Inc. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 151-52 (D.C. Cir. 1997); *see also Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (waiver occurred where the client inserted the disputed issue into the case, creating need to inquire further into privileged communications); *Wender v. United Servs. Auto. Ass'n*, 434 A.2d 1372, 1374 (D.C. Cir. 1981) (client waived attorney-client privilege over all communications with counsel by asserting defense of reliance on attorney's advice).  The privilege can be waived in the context of a dispute over settlement authority, *see, e.g., Thornton v. Syracuse Sav. Bank*, 961 F.2d 1042, 1046 (2nd Cir. 1992)(privilege waived when party injects into litigation issue of attorney's conduct during settlement negotiations); *Hartman v. Hook-Superx, Inc.*, 42 F.Supp. 2d 854 (S.D. Ind. 1999)(plaintiff cannot both assert attorney-client privilege and claim attorney had no settlement authority), and can be waived as to those matters asserted by the client in court filings. *In re Sealed Case*, 676 F.2d at 809.

    Plaintiff has waived the attorney-client privilege as to communications with his attorney regarding the settlement agreement.  Plaintiff voluntarily disclosed in his opposition the partial content of his previously privileged communications with his attorney in an attempt to defend against enforcement of the settlement agreement.  *See* Mem. Supp. Pl.'s Opp'n Def.'s Renewed Mot. Enforce Settlement Agreement at 2-9.  Plaintiff's assertion of this claim in an attempt to prevent the enforcement of a settlement agreement is a tactical decision that the attorney-client privilege was not intended to promote, and therefore, should not protect.  *See Ideal Elec. Sec. Co.,* 129 F.3d at 151-52.

    Because there is a genuine threshold factual dispute regarding the settlement agreement, it is hereby

ORDERED that the parties confer and file by September 22, 2005 a joint status report and proposed order reflecting their views on whether this matter should proceed with an evidentiary hearing, or with limited discovery followed by dispositive motions briefing, or in some other fashion. The report should reflect mutually agreeable dates on which to hold any evidentiary hearing, or a proposed schedule for limited discovery and briefing, or such other proposal as the parties may suggest.

Dated: August 31, 2005                              /s/
                                          RICHARD W. ROBERTS
                                          United States District Judge